**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL H. ELINE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 3:CV-15-1619** |
| | : | |
| **JOHN E. WETZEL, Secretary,** | : | **(Judge Caputo)** |
| **Commonwealth of Pennsylvania** | : | |
| **Department of Corrections, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I.    Introduction**

On August 14. 2015, the pro se plaintiff, Paul H. Eline, an inmate at State Correctional Institution in Coal Township, Pennsylvania (SCI-Coal Township), filed this action civil rights action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated while he was temporarily housed at the Camp Hill State Correctional Institution (SCI-Camp Hill) in July 2013.  Shortly thereafter, Mr. Eline requested that these proceedings be stayed based on his impending release.  (Doc. 9.)

On January 4, 2016, the Court granted Mr. Eline's motion to stay. In December 2014, the defendants filed a motion to dismiss the Amended Complaint (Doc. 10.)  The Court's order, mailed to Mr. Eline's last known address, was returned as undeliverable.  (Doc. 12.)

## II.    Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute."  The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties."  *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary.  *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

## III.    Discussion

On August 19, 2015, Mr. Eline was sent a copy of this Court's Standing Practice Order in Pro Se Plaintiff Cases.  (Doc. 4.)  The order outlines a *pro se*

plaintiff's obligation to inform the Court of an address change.  (*Id*., ECF p. 4.)   The

Order forewarns that "[i]f the court is unable to communicate with the plaintiff

because the plaintiff has failed to notify the court of his or her address, the plaintiff

will be deemed to have abandoned the lawsuit."  (*Id*.)

        In this case, the Court is unable to communicate with Mr. Eline due to his

failure to keep the court informed of his address.  Although Mr. Eline notified the

Court of his impending release, he did not provide the Court with a post-release

address.  Mail sent to the address provided by Mr. Eline has been returned to the

court as undeliverable.  At this point, as a result of Mr. Eline's failure to notify the

court of his present location, the Court is unable to communicate with him.  As such,

it would be a waste of judicial resources to allow this action to continue.

        An appropriate Order follows.

                                        **/s/ A. Richard Caputo**
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**

**Date: January 19, 2016**